Francisco González Díaz, Plaintiff and Appellee, v. Antero Rivera et al., Defendants and Appellants.

No. 5089. Argued April 3, 1930.—Decided May 22, 1931.

L. Méndez Vaz for appellants. Feliú & La Costa for appellee.

Mr. Justice Texidor delivered the opinion of the Court.

Francisco González Díaz brought, in the District Court of San Juan, an action against Antero Rivera and Luis Chevremont to recover $2,456.85 alleged to be due plaintiff for deliveries of cow's milk to Antero Rivera under a contract which Chevremont had subscribed as a solidary surety.

The defendants filed separate answers to the complaint, but they substantially set up the same allegations, admitting some facts, denying others, and specially charging fraud.

After the trial, the court sustained the complaint and adjudged the defendants to pay to the plaintiff the amount claimed together with legal interest and costs, including attorney's fees.

The defendants appealed and assign in their brief several errors, which we shall now consider.

The appellants contend that the judgment in the present case was rendered after the lapse of more than fourteen months from the final hearing.

We will not decide whether that delay in rendering the judgment complained of may be properly urged as reversible error. But we find that the statute invoked, which is Act No. 95, promulgated on March 31, 1919, is in the same situation as Act No. 91, relative to labor contracts, also promulgated on that date. These were bills passed by a previous legislature. They were included among eleven bills presented to the Governor and which he neither signed nor returned to the Legislature within the prescribed period of ten days. The Legislature had then closed or adjourned its sessions. In *Porto Rico Telephone Company* v. *People of Porto Rico,* 47 F. (2d) 484, the Circuit Court of Appeals for the First Circuit, construing and applying section 34 of our Organic Act, held that the draft or bill there in question never became a law. The one now cited to us did not become a law either.

The second error assigned is the refusal to admit in evidence the notarial act of April 6, 1926, in which it is stated that Francisco González Díaz was tendered $25 as the amount owed to him by Antero Rivera.

Said notarial act is not included in any form in the transcript. Really, we can not say what its contents are; without examining it we can not determine whether or not the court erred in refusing its admission.

Apart from this, it appears from the arguments of the parties. that such notarial act might constitute self-serving evidence. In any event, we are dealing with the statements of a notary who has not appeared in court, and such statements in the case of an instrument of the character indicated would constitute hearsay evidence.

As regards the evidence, which the district judge properly characterized as scintilla of evidence, the appellants assign as error that the court failed to consider as evidence or give any probatory value to the certificates of the Registry of Property, of the Treasurer of Puerto Rico, of the Health Department, and of the health inspector. At bottom, they are negative certificates from which the appellants drew the conclusions that Francisco Gonzálex Díaz did not own any dairy in Carolina during 1924, 1925, and 1926.

The rule regarding this kind of evidence has been repeatedly upheld in judicial decisions, and it was applied by this Court in *Cerecedo* v. *Medina et al.*, 27 P.R.R. 750, 752. In the absence of a statute, a negative certificate by an officer will not be evidence of the non-appearance of a fact on the records. Really, the fact that a certain person does not appear from the official records of a government department as being the owner of a dairy or as owning certain property is not proof of the fact that he does not own such property or business, which he may have or operate without complying with the necessary legal requirements therefor.

As against this evidence, the other party introduced affirmative oral evidence to show that on the dates referred to in the pleadings of the present case he had a dairy with several cows producing a certain quantity of milk.

The court favored the evidence of the appellee and gave no credence to that of the appellants. We fail to find in this decision any error or violation of any provision of the Law of Evidence.

A point which was stressed by the appellants in their brief is that relating to the non-intervention of defendant

Chevremont in the liquidation of the account between Antero Rivera and Francisco González, and in regard to the weighing of the evidence in this respect.

The plaintiff introduced a letter written by Luis Chevremont in which the latter constituted himself as solidary surety for the milk sold to Rivera by González; also another letter in which Antero Rivera acknowledged the sum of $2,456.85 as the balance of his account for milk delivered. In regard to this liquidation the defendants had alleged fraud and maintained that it originated in a combination or conspiracy in which participated Felipe Sánchez Osorio, who is neither a defendant, a plaintiff, nor an intervener in this action. Defendant Antero Rivera testified regarding the above facts; but his testimony was stricken out on motion of the plaintiff in so far as it referred to facts that might constitute a conspiracy between the witness and Felipe Sánchez Osorio, who was not a party to the action. We fail to find that such elimination has been assigned as error, nor can we say that it constituted error.

As to the testimony of Antero Rivera, the court expressed itself with such clarity that no doubt can be entertained as to how it weighed it. The court said:

"The court wishes to state that it has not believed the testimony of Antero Rivera as regards the alleged intervention of Felipe Sánchez Osorio in the letter of February 27, 1926."

And it further said in the opinion:

"The court, having weighed the evidence introduced by both parties as a whole, finds that the preponderance thereof is in favor of the plaintiff and that no clear and convincing evidence has been introduced to show fraud or error as alleged in the present case in connection with the milk account referred to in the above letter of February 27, 1926 (plaintiff's Exhibit B). The court adjusts the conflict in the evidence in favor of the plaintiff, in accordance with the rule prescribed in subdivision 5 of section 162 of the Law of Evidence."

A reading of the record bears out the district court. It

has been repeatedly declared that the proof of fraud can not be as direct and strong as is ordinarily required in regard to other facts; but such proof must be sufficiently strong and clear so that the court may feel no hesitancy in making a finding as to a fact which so nearly approaches the criminal field. In a recent case, *Heirs of Cayere* v. *Monell et al.*, 40 P.R.R. 900, 903, which cites with approval that of *Ana María Sugar Co.* v. *Castro*, 28 P.R.R. 225, we have held that fraud must be clearly established by strong proof beyond a doubt and that it can never be a matter of conjecture.

Such is, in fact, the case before us. There was no proof of the fraud which was alleged by the defendants as their best defense, and the court had to adopt the theory of the plaintiff and decide accordingly.

We fail to find that the court in rendering its judgment committed the errors assigned by the appellants.

The judgment appealed from must be affirmed.